UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DEKISHA J HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-285 |
| | ) | |
| SAVANNAH CHATHAM METROPOLITIAN POLICE DEPARTMENT, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Dekisha Janeen Hamilton seeks leave to file, without prepayment of the Court's filing fee, this Title VII employment-discrimination case against the Savannah Chatham Metropolitan Police Department.[1] Doc. 1. She also seeks appointment of counsel. *Id.*

---

1 "Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)." *Bryant v. Dougherty County School System*, 382 F. App'x 914, 916 n. 1 (11th Cir. Jun. 15, 2010); *see also Reeves v. DSI Sec. Services*, 331 F. App'x 659, 662 (11th Cir. 2009).

1

## *Leave to Proceed In Forma Pauperis*

The Court will grant leave to proceed *in forma pauperis* (IFP) if the plaintiff demonstrates that she cannot, because of poverty, afford to pay the costs of litigation and still provide for herself and any dependents. 28 U.S.C. § 1915(a); *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2007). While a plaintiff need not be absolutely destitute in order to proceed IFP, the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible for her to do so without undue hardship. *Adkins*, 335 U.S. at 339-340. Hamilton, "unemployed for about a year," has received $12,500 in entitlement and student loan funds but is saddled with $15,000 in debt and has two dependent children. Doc. 1 at 1-2. Based on these facts, her IFP motion is granted.

## *Failure to State a Claim*

### A. Pleading Standards

"Where a plaintiff is proceeding *in forma pauperis*, a district court is required to sua sponte determine whether the complaint: (1) is frivolous

or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Alba v. Montford*, 517 F.3d 1249, 1251-52, n. 3 (11th Cir.), *cert. denied*, 129 S.Ct. 632 (2008)." *Walker v. Sun Trust Bank Of Thomasville, GA*, 2010 WL 165131 * 4 (11th Cir. Jan. 19, 2010). Thus, the Court will screen her complaint under § 1915(e)(2).

That review is conducted under two sets of standards: procedural and substantive. First, since Hamilton is at the pleading stage, the Court reviews it as if challenged under Fed. R. Civ. P. 12(b)(6). *Granda v. Schulman*, 2010 WL 1337716 at * 2 (11th Cir. Apr.7, 2010); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). At that stage,

> a complaint must contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which possesses "enough heft to sho[w] that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L.Ed.2d 929 (2007) (alteration in original) (citation and quotation omitted). Courts must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citation omitted); *cf. Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle [ment] to

3

> relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (alteration in original) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570, 127 S. Ct. at 1965, 1974.

*Granda*, 2010 WL 1337716 at * 2; *Moton v. Walker*, 2010 WL 2136553 at *3 (M.D. Fla. May 26, 2010) ("It is not enough that a claim is conceivable, the applicable standard is that a claim must be plausible on its face, and is subject to dismissal when the facts pled do not meet this requirement."); *Meimin v. Georgia*, 2010 WL 2771919 at * 1-2 (S.D. Ga. Jun. 10, 2010).

Under Rule 12, then, merely pleading conclusions without supporting facts is not enough. *See, e.g., Edwards*, 602 F.3d at 1300 ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."). Hamilton thus must plead enough "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. That means pleading all of the facts necessary to support *each* element of a legal claim. *See, e.g., Julscliff v. Wal-Mart*, 2010 WL 3431669 at * 2

(N.D. Tex. Jul. 23, 2010) (dismissing employment discrimination plaintiff's emotional distress claim because plaintiff failed plead any facts showing that his distress was "severe").

## B. Hamilton's Pleadings

Hamilton complains of "racial comment/retaliation/harassment" during her July 2006 - December 2009 employment. Doc. 1 at 7.[2] She alleges that one morning she arrived at work (without ever saying what her job was) at the Savannah police department and encountered co-workers

> in the briefing area. Next[,] SCO "Bonnnie" Katherine Hodge[s] walked in. [Another employee then] asked the whereabout[s] of the shift coffee. When I answer[ed] her of where I thought it was, SCO Hodges then became very rude and talk[ed] to me in a belittling way. I did not respond. Later that day I was in the office of Malcom Aiken. As Malcom and I were talking, SCO Hodges walked in and said to me, "What are you doing in here, get back in the slaveyard!["] Her comment was very mean spirited and deliberate. I filed a formal complaint, in which the chain of command ignored. To only be harassed by Hodges again. Then Lt. Gellatly put out orders for me to transfer to a different shift, which would put me in another month of midnight. The order also made the same for SCO Hodges. This to me was retaliation. Internal affair[s] later reversed those orders given Lt. Gellatly.

---

2 She lists her employment term as "7/3/06 - 12/9/10" but the body of her Complaint shows that she meant to say "12/9/09."

Doc. 1 at 8; *see also id.* at 7 (plaintiff identifies both Hodges and Gellatly as white females).

In another part of her filings, plaintiff reiterates that the police department investigated and "sustained" her complaint; "SCO Katherine Hodges violated a rule by doing so [i.e., uttering the "slaveyard" comment to plaintiff]. Internal affairs also reversed the orders given by Lt. Gellantly for me to transfer to a different shift along with SCO Hodge[s]." Doc. 1 at 3. Still, Hamilton insists that "[t]he [department's] chain of command . . . did not handle the complaint in a fair manner. I was subject to more harassment and [an] unfair order in retaliation to my complaint against SCO Katherine Hodges." *Id.* However, she does not explain *how* the "chain of command" handled her complaint in an "unfair manner," much less why its corrective order (undoing what Gellantly did) was "unfair" to her and otherwise constituted "retaliation."

## C. Capacity For Suit

Plaintiff's first problem is that she has sued only the police department. Doc. 1 at 1. While that may have made sense to her (i.e., she perceived it as her employer, as opposed to the city/county that

6

operates it), it nevertheless is not, per Fed. R. Civ. P. 17(b)(3), an entity capable of being sued.[3] As another court in a similar context reasoned:

> Georgia law recognizes only three classes of legal entities capable of being named in a lawsuit: "(1) natural persons; (2) artificial persons (a corporation); and (3) quasi-artificial persons as the law recognizes as being capable to sue." [*Lawal v. Fowler*, 196 Fed. Appx. 765, 768 (11th Cir. 2006)] (*citing Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 368, 368 S.E.2d 500 (1988)). A sheriff's department does not fall into any of the categories and therefore is not capable of being sued. *Morgan v. Fulton County Sheriff's Department*, 2007 WL 1810217, *6 (N.D. Ga. June 21, 2007) (dismissing claim against Fulton County Sheriff's Department because it was not an entity subject to suit).

*Ashley v. Chafin*, 2009 WL 3074732 at * 3 (M.D. Ga. Sep. 23, 2009); *id.* (dismissing Title VII and 42 U.S.C. § 1983 claims against "Brooks County Sheriff's Office" because it was not capable of being sued); *see also Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir. 2005) ("We have recognized that sheriff's departments and police departments are not usually considered legal entities subject to suit."); *Johnson v. Savannah Chatham Metro. Police Dept.*, 2010 WL 4790911 at * 2 (S.D. Ga. Oct. 19, 2010) (same); *Bright v. Hall County*, 2010 WL 3980124

---

3 The capacity to be sued in federal court is governed by the law of the state in which the district court is located, hence, Georgia law. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (citing Fed. R. Civ. P. 17(b)).

at * 2 (N.D. Ga. Oct. 8, 2010) (same).[4]

Nor, for that matter, can Hamilton sue any particular individual in their individual capacity. *Bryant v. Dougherty County School System*, 382 F. App'x 914, 916 n. 1 (11th Cir. Jun. 15, 2010); *Fulst v. Thompson*, 2009 WL 4153222 at * 3-4 (S.D. Ohio Nov. 20, 2009) ("Supervisory employees are not typically proper defendants under Title VII because they do not fall within the definition of 'employer.'"). Plaintiff evidently knows this, because she faults a particular individual for creating a hostile racial environment, doc. 1 at 8, yet has not sued her.

---

4   Courts reach this result nationwide: *West By & Through Norris v. Waymire*, 114 F.3d 646-47 (7th Cir. 1997) ("[t]he naming of the Town's Police Department as a defendant adds nothing; it is almost certainly not a suable entity separate from the Town"); *Aslani v. Sparrow Health Systems*, 2009 WL 736654 at * 14 (W.D. Mich. Mar. 12, 2009) (collecting cases where police departments were dismissed on legal incapacity grounds); *Oates Jackson County Sheriff's Office*, 2010 WL 785657 at * 1-2 (N.D. Fla. Mar. 4, 2010) (dismissing "Jackson County Sheriff's Office" from Title VII suit on Rule 17(b)(3) incapacity grounds); *Karges v. Charleston County Sheriff's Office*, 2010 WL 1303455 at * 1 n. 1 (D.S.C. Mar. 5, 2010) ("'Defendant Charleston County Sheriff's Office' is not a sui juris entity capable of being sued in its own right and should be dismissed as a named defendant."); *id.* at * 11, *adopted*, 2010 WL 3270310 at * 6 (D.S.C. Aug. 17, 2010); *Meimin*, 2010 WL 2771919 at * 3; *see also Foster v. Board of Regents of University Sys. of Ga.*, 342 F. App'x 465, 466 n. 1 (11th Cir. 2009) (Title VII plaintiff did not challenge on appeal district court's dismissal, on legal incapacity grounds, of the "Georgia Tech Police Department"); *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1018 (11th Cir. 2008) (noting that Title VII plaintiff acceded to district court's dismissal of "Sheriff's Office" as "not a party capable of being sued under Florida law," then substituted county sheriff in his official capacity).

### D. The Merits

Even if plaintiff sued a "capable" defendant, nevertheless the one racial comment ("get back to the slaveyard!") of which she complains (doc. 1 at 7-8) is simply not enough to support an actionable Title VII claim:

> To establish a hostile work environment claim pursuant to Title VII, a plaintiff must prove "that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (internal quotation marks and citation omitted). The employee has the burden of proving a hostile work environment claim. To establish such a claim, a plaintiff must show: "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic ... such as [race]; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Id.* at 1275 (citation omitted). The requirement that the harassment be "severe or pervasive" contains an objective and subjective component. *Id.* at 1276. "Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceive[s] to be abusive." *Id.* (internal quotation marks, alterations and citation omitted).

*Hill v. Emory University*, 346 F. App'x 390, 396 (11th Cir. 2009); *Reeves v. DSI Sec. Services*, 331 F. App'x 659, 662 (11th Cir. Jun. 3, 2009).

A stray comment by a supervisor simply does *not* constitute a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quotes and cite omitted); *cf. Webb-Edwards*, 525 F.3d at 1027-28 (male supervisor's regular comments about female deputy sheriff's figure and good looks, *e.g.*, that employee was "hot" and should wear tighter clothes, and that he would like to "eat her" for lunch, were insufficiently hostile or abusive to serve as basis for her Title VII sexual harassment claim against sheriff's office; there was no showing that comments interfered with employee's work performance, supervisor was not physically threatening or humiliating, and supervisor ceased comments after employee requested that he stop); *see also id.* at 1027 Title VII "'is not a general civility code'") (quoting *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 81 (1998)).

As for her retaliation claim, [5] Hamilton's own allegations also show

---

5  For a retaliation claim she must show that she (1) engaged in statutorily protected activity; (2) suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity; and (3) there was a causal relation between the events. *McCray v. Wal-Mart Stores, Inc.*, 2010 WL

that upon her expression of dissatisfaction with immediate management's response, upper-management meaningfully responded to her complaint. Her protestations that nevertheless things were not "fair" constitute only non-actionable, open-ended conclusion. Again, she must plead enough factual content to enable the Court to conclude that elements of a legal claim have been pleaded.

Nor does she plead the "serious and material change" in employment terms necessary to support a retaliation claim. *See Crawford v. Carroll*, 529 F.3d 961, 970-71 (11th Cir. 2008).[6] What she does plead is that she complained, suffered the same transfer that the offending officer suffered, then complained further and got her own

---

1784247 at * 1 (11th Cir. May 5, 2010); *Webb-Edwards*, 525 F.3d at1028; *Mohamed v. Public Health Trust of Miami-Dade County*, 2010 WL 2844616 at * 11 (S.D. Fla. Jul. 19, 2010); *Smith v. City of Unadilla*, 510 F. Supp. 2d 1335, 1346 (M.D. Ga. 2007).

6 As another court, interpreting *Crawford*, explains:

> When defining the level of substantiality required for a Title VII retaliation claim, the Eleventh Circuit determined that an employee must demonstrate she suffered a serious and material change in the terms, conditions, or privileges of employment to show an adverse employment action. An adverse employment action is one that clearly might deter a reasonable employee from pursuing a pending charge of discrimination or making a new one.

*Morales v. Georgia Dept. of Human Resources*, 2010 WL 4639279 at * 10 (M.D. Ga. Nov. 8, 2010) (quotes and cites omitted).

transfer reversed. Put another way, she exploited her employer's own grievance system -- *successfully*. That can hardly constitute a materially adverse action -- "a serious and material change" -- that would dissuade a reasonable employee from engaging in statutorily protected activity. Thus, she states no retaliation claim.

### *Appointment of Counsel*

Plaintiff moves the Court for appointment of counsel to assist her. *Id.* at 1. However, "this case does not have exceptional circumstances that would require the appointment of counsel, and the core issues of this case -- discrimination on the basis of . . . hostile work environment -- are 'not so unusual [to warrant the appointment of counsel.]' *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)." *Reeves*, 331 F. App'x at 660 n. 1. The Court thus denies the motion. Doc. 1.

### *Conclusion*

Accordingly, the Court **GRANTS** plaintiff Dekisha Janeen Hamilton's motion for leave to proceed *in forma pauperis*, doc. 1 at 1, but **DENIES** her motion for appointment of counsel. *Id.* In addition, her Complaint should be **DISMISSED WITH PREJUDICE** under 28 U.S.C.

§ 1915(e)(2)(B)(ii), as it bears no realistic indication that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED** this 20th day of December, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA